## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| TYRONE VALENTINE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:20-CV-1025-PLC |
| | ) | |
| ERIC SCHMITT, | ) | |
| | ) | |
| Respondent.[1] | ) | |

## <u>MEMORANDUM AND ORDER</u>

This matter is before the Court on review pursuant to 28 U.S.C. Section 2243[2]  and Rule 4

of the Rules Governing Section 2254 Cases in the United States District Court ("Habeas Rules")[3]

of the petition and attachments to the petition filed by Tyrone Valentine, a federal prisoner, under

28 U.S.C. Section 2254.    For the following reasons, the Court dismisses this habeas proceeding

---

[1]  In his Petition, Petitioner named the State of Missouri and Attorney General of the State of Missouri as Respondents.  In more recent documents, Eric Schmitt, the Missouri Attorney General, is identified as the only Respondent and entered an appearance in this case.  Neither party has raised a challenge to the identification of Respondent(s) in this proceeding.

[2]  In relevant part, Section 2243 states:

A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

[3]  Habeas Rule 4 states, in relevant part, if a judge examining a habeas petition finds that "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition."

due to the absence of subject matter jurisdiction.[4]   See Fed. R. Civ. P. 12(h)(3);[5]  Habeas Rules 4 and 12.[6]

## I.    Background

The petition and its attachments reveal the following.

### A.   State court (1985 guilty plea)

In April 1985, in the Circuit Court for the City of St. Louis City, Missouri, Petitioner pleaded guilty to two counts of assault in the first degree.   The 1984 indictment attached to the petition[7] charges that the first assault offense arose out of a September 1982 altercation in which Petitioner attempted to kill or cause serious physical injury by shooting at another person by means of a dangerous instrument ("1982 assault").   With respect to the second first-degree assault offense, the 1984 indictment charges that Petitioner attempted to kill or cause serious physical injury by shooting a different person with a pistol in March 1984 ("1984 assault").   As reflected in the May 1985 sentence and judgment attached to the petition, the state court imposed concurrent ten-year terms of imprisonment for the two first-degree assault offenses.   Petitioner was represented by an attorney throughout the state court proceeding resulting in the challenged plea

---

[4]  The parties consented to a United States Magistrate Judge's exercise of authority in this matter under 28 U.S.C. § 636(c).

[5]  Federal Rule of Civil Procedure 12(h)(3) provides:   "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

[6]  Habeas Rule 12 states that "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or the[ Habeas] rules, may be applied to a proceeding under the[ Habeas] Rules."

[7]  Petitioner states that he "was indicted on December 10, 1984."   Pet'n at 6 [ECF No. 1].   The copy of the 1984 indictment attached to the petition [ECF No. 1-1 at 6] has an endorsement at the bottom stating "Received and Filed this 31st day of May, 1984" and a "Filed" stamp dated December 10, 1984.

–2–

and sentencing.[8]   Petitioner did not file a direct appeal and finished serving his concurrent ten-year sentences in 1994.   Not until "mid-November 2018" did Petitioner file a post-conviction proceeding in state court challenging his 1985 conviction.

      B.   <u>Grounds for relief in and status of this habeas proceeding</u>

In 2020, after the completion of his state court post-conviction proceedings, Petitioner filed this federal habeas proceeding under Section 2254 to challenge his 1985 state court conviction as violating his Fourteenth Amendment rights because he is "actually innocent" of each of the two first-degree assault offenses.   In his first ground, Petitioner argues that, with respect to the 1982 assault, he was not given the benefit of an October 1984 statutory change in the classification of the offense and the concomitant reduction in the applicable minimum sentence due to the absence of any "serious physical injury" resulting from the assault.   For his second ground, Petitioner contends he "reasonably believed" the circumstances of the 1984 assault justified self-defense and he lacked intent to cause death, an element of the charged offense.

Petitioner additionally asserts that "the lingering collateral consequence of his [1985 state court conviction] was utilized to enhance[ his] federal sentence pursuant to the Armed Career Criminal Act [("ACCA")] . . . 18 U.S.C. § 924(e)(1)" and "the continued use to enhance his federal sentence based upon this INVALID prior Assault conviction violates [his] Fourteenth Amendment rights."

---

[8]   In his petition, Petitioner stated he "did not appeal [from the 1985 conviction and sentence] "because counsel did not advise me of any appealable claims in which to appeal."   Pet'r pet'n at 2 ¶ I.3(B) [ECF No. 1]. Additionally, Petitioner identifies an assistant public defender who "represented [him] in the following stages of the judgment attacked herein:" preliminary hearing, arraignment and plea, and sentencing.   <u>Id.</u> at 11 ¶¶ IV(A), IV(B), and IV(D).

This Court granted Petitioner in forma pauperis status and entered a show cause order giving Petitioner the opportunity to demonstrate why this proceeding should not be dismissed as untimely.   Petitioner filed his response to the show cause order.   This Court has not yet issued, pursuant to Section 2243, an order "directing the respondent to show cause why the writ should not be granted."

C.   Federal court (2015 guilty plea)

The federal sentence Petitioner mentions in his habeas petition was imposed in June 2015 after Petitioner pleaded guilty in January 2015 to being a felon in possession of nine-millimeter ammunition.   See United States v. Valentine, No. 4:14CR108 ERW (E.D. Mo. filed Apr. 4, 2014).[9]   The federal court considered the 1985 state court conviction as constituting two prior offenses for purposes of applying the ACCA, varied below the applicable sentencing guidelines range, and imposed the statutory minimum of fifteen years' incarceration, followed by three years of supervised release.   See, e.g., id. sentencing tr. at ECF No. 110.   The Eighth Circuit, in relevant part, found no error in the district court's use of the 1985 conviction as two predicate

---

[9]   Although Petitioner does not set forth in his petition the case number or attach to his petition materials from the federal criminal proceeding to which he refers in his petition, Section 2243 does not prohibit this Court from taking

> judicial notice in relation to the application of the records underlying the petitioner's commitment. Dorsey v. Gill, 148 F.2d 857, 869, 870 [(D.C. Cir. 1945)].   And this right to take judicial notice extends not only to the records of the court in which the application for the writ is being made but to those of other courts as well.   Wells v. United States, 318 U.S. 257, 260 [(1943) (per curiam)].

Jones v. Attorney Gen. of the United States, 278 F.2d 699, 701 (8th Cir. 1960) (per curiam) (addressing whether to issue a certificate of appealability from the "denial on its face" of a habeas petition filed by a federal prisoner). Importantly, the Court may "take judicial notice, whether requested or not * * * of its own records and files, and facts which are part of its public records * * *."   United States v. Jackson, 640 F.2d 614, 617 (8th Cir. 1981) (internal quotation marks and citation omitted) (alterations in original); accord Cravens v. Smith, 610 F.3d 1019, 1029 (8th Cir. 2010) (citing In re Papatones, 143 F.3d 623, 624 n. 3 (1st Cir.1998) for the proposition that "[t]he court may take judicial notice of its own orders and of records in a case before the court. . . ."); Stutzka v. McCarville, 420 F.3d 757, 760 n. 2 (8th Cir. 2005) (a court "may take judicial notice of judicial opinions and public records").

–4–

offenses under the ACCA and in the district court's rejection of Petitioner's constitutional challenges to the use of the 1985 conviction for sentencing.   United States v. Valentine, 637 Fed. Appx. 961, 962 (8th Cir. 2016) (unpublished per curiam decision).   With respect to Petitioner's constitutional challenges, the Eighth Circuit reasoned there was no constitutional error:   "because [Petitioner's] sentence was not increased under the ACCA's residual clause; and circuit law forecloses [Petitioner]'s arguments that the ACCA violates the Sixth Amendment, . . . the Eighth Amendment, . . . the separation of powers, . . . and due process . . . ."  Id.   Petitioner is serving the sentence imposed by the federal court.

## II.      Discussion

A.   Subject matter jurisdiction

"The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are 'in custody in violation of the Constitution or laws or treaties of the United States.'" Maleng v. Cook, 490 U.S. 488, 490 (1989) (per curiam) (emphasis in original); see also id. at 494 ("Our holding is limited to the narrow issue of 'custody' for subject-matter jurisdiction of the habeas court").   "[T]he habeas petitioner must be 'in custody' under the conviction or sentence under attack at the time [the] petition is filed."   Id. at 490-91 (citing Carafas v. LaVallee, 391 U.S. 234, 238 (1968)).

When a petitioner does not satisfy the in-custody requirement with respect to the challenged conviction or sentence at the time the petitioner files the habeas petition, the district court lacks subject matter jurisdiction over the habeas proceeding.   Weaver v. Pung, 925 F.2d 1097, 1099 (8th Cir. 1991) (citing Maleng, 490 U.S. 488).   Importantly, "[a] person whose sentence has fully expired at the time his petition is filed can[n]ot satisfy the custody requirement."

–5–

Id. (citing Maleng, 490 U.S. 491-92).   This is true even when the fully expired sentence enhanced a subsequent sentence, unless the challenge to the expired sentence is based on the failure to appoint counsel for the petitioner in violation of the Sixth Amendment.   Lackawanna Cnty. Dist. Att'y v. Coss, 532 U.S. 394, 396-97, 403-05 (2001).

Here, Petitioner challenges a 1985 state court guilty plea to two first-degree assault charges and the concurrent ten-year terms of imprisonment imposed with respect to that plea.   Petitioner was represented by an attorney throughout the challenged state court proceeding and completed serving the sentence in 1994.   Therefore, the concurrent sentences for the offenses to which Petitioner pleaded guilty in 1985 are expired.   Due to the expiration of the sentences imposed during the challenged state court proceeding in which counsel represented Petitioner, Petitioner does not satisfy the "in custody" jurisdictional requirement for pursuing a Section 2254 habeas proceeding, even though the expired sentences were used to enhance a subsequently imposed sentence.

Under the circumstances, in particular the fact that the sentences imposed in the challenged 1985 proceeding, in which Petitioner was represented by counsel, are expired, this Court lacks subject matter jurisdiction over this habeas proceeding under Section 2254.   Due to the lack of subject matter jurisdiction, the Court need not further address whether Petitioner timely filed this federal habeas proceeding.

B.   Certificate of appealability

The issuance of a certificate of appealability ("COA") is required to appeal a final order in a habeas proceeding under 28 U.S.C. Section 2254.   28 U.S.C. § 2253(c)(1); Fed. R. App. 22(b)(1).   This COA-issuance-requirement is jurisdictional.   Gonzalez v. Thaler, 565 U.S. 134,

–6–

142 (2012) (citing <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-36 (2003)).

A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  When a federal habeas court resolves a habeas petition

> without reaching the [merits of the petitioner's] underlying constitutional claim[s], a COA should issue when . . . jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and . . . jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

<u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).  Importantly, a court may "resolve the issue whose answer is more apparent from the record and arguments."  <u>Id.</u> at 485.

The Court concludes jurists of reason would not find debatable the correctness of the dismissal of Petitioner's petition for failure to satisfy the "in custody" prerequisite to the Court's exercise of subject matter jurisdiction.  Therefore, the Court will not issue a COA with respect to any aspect of the dismissal of Petitioner's petition.

Accordingly, after careful consideration,

**IT IS HEREBY ORDERED** that Petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DISMISSED for lack of subject matter jurisdiction.**

**IT IS FURTHER ORDERED** that the Court will not issue a Certificate of Appealability.

A separate Order of Dismissal will accompany this Memorandum and Order.

PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 18th day of February, 2021