# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| TYRONE VALENTINE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   No. 4:20-cv-1025-PLC |
| | ) |
| ERIC SCHMITT, | ) |
| | ) |
| Respondent. | ) |

## **MEMORANDUM AND ORDER**

This closed habeas corpus matter is before the Court on self-represented petitioner Tyrone Valentine's motion to alter or amend a judgment. For the following reasons, the Court denies Petitioner's motion.

### Background

In 1985, petitioner pled guilty to two state court first-degree assault charges and served concurrent ten-year terms of imprisonment. Petitioner completed serving this state court sentence in 1994. Petitioner filed this federal habeas proceeding under Section 2254 challenging this 1985 state court conviction as violating his Fourteenth Amendment rights because he claimed he was "actually innocent" of the state court offenses.

On February 18, 2021, on review pursuant to 28 U.S.C. § 2243, this Court dismissed petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2254 for lack of subject matter jurisdiction. *See* ECF No. 9. At the time of filing this Section 2254 motion, petitioner was in federal custody after pleading guilty in January 2015 to being a felon in possession of nine-millimeter ammunition. *See United States v. Valentine*, No. 4:14-cr-108-ERW (E.D. Mo. Filed

–1–

Apr. 4, 2014). The federal court had considered petitioner's 1985 state court assault conviction as constituting two prior offenses for purposes of applying the Armed Career Criminal Act ("ACCA"). The Eighth Circuit found no error in the district court's use of the 1985 convictions as two predicate offenses under the ACCA. *United States v. Valentine*, 637 F. App'x 961, 962 (8th Cir. 2016) (unpublished per curiam decision).

On review of petitioner's Section 2254 motion, the Court found that under the circumstances, in particular the fact that the sentences imposed in the challenged 1985 proceeding had expired, the Court lacked subject matter jurisdiction over this habeas proceeding under Section 2254. *See* ECF No. 9.

## Discussion

Petitioner has filed a motion to alter or amend this judgment. In his motion, petitioner states that he agrees that this Court lacks subject matter jurisdiction over this habeas proceeding. He asks the Court to transfer the case to the Eastern District of Michigan, where he is currently in custody of the Bureau of Prisons. Petitioner apparently believes that after transfer of this matter to the federal court in Michigan, the federal court will review his habeas petition under 28 U.S.C. § 2241.

As the Court has established, and petitioner has agreed, this Court lacks subject matter jurisdiction over this habeas proceeding under Section 2254. Petitioner was not "in custody pursuant to the judgment of a State court" when he filed his petition. *See* 28 U.S.C. § 2254(a). He was in federal custody, having completed the state court sentences that he challenged. Under 28 U.S.C. § 1631, "[w]henever . . . the court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the

action . . . could have been brought at the time it was filed . . . ." 28 U.S.C. § 1631. The Court cannot transfer petitioner's Section 2254 case to the federal court in Michigan because that is not a court "in which the action . . . could have been brought at the time it was filed." Because petitioner was not in custody pursuant to the judgment of a State court when he filed his Section 2254 motion, no federal court had subject matter jurisdiction over this proceeding when it was filed. For this reason, the Court will deny petitioner's motion to alter or amend the judgment.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion to alter or amend the judgment is **DENIED**. [ECF No. 11]

>  */s/ Patricia L. Cohen*
> PATRICIA L. COHEN
> UNITED STATES MAGISTRATE JUDGE

Dated this 14th day of January, 2022